IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 4:05CR3144 |
| | ) | |
| Plaintiff, | ) | ORDER REGARDING |
| | ) | OBJECTIONS TO |
| vs. | ) | REVISED PRESENTENCE |
| | ) | INVESTIGATION REPORT |
| JOSE MANUEL ZAMARRIPA-TORRES, | ) | AND ADDENDUM |
| | ) | |
| Defendant. | ) | |

The government has made no objection to the Revised Presentence Investigation Report and Addendum.  The defendant has objected to paragraphs 41, 68, 86 and certain material under Part C.

The defendant has made three objections to paragraph 41.  The first is that because paragraph 13 of the Plea Agreement and paragraph 10 of the Revised Presentence Investigation Report and Addendum leave to the court the determination at the time of sentencing whether the defendant should receive a two-level increase for possession of a firearm, "the inclusion of this enhancement in the PSR [is] . . . outside the scope of the Plea Agreement."  That objection will be overruled, because the Plea Agreement does not foreclose the probation officer from investigating the subject and relaying to the parties and the court his or her views regarding the matter of enhancement.

The second objection to paragraph 41 is that an enhancement under Guideline 2D1.1, the firearm enhancement, is not supported by available evidence.  That, of course, requires an evidentiary hearing.  The government has said that it requests opportunity to present oral testimony by three witnesses and documentary testimony (in the form of an audiotape of a conversation between the defendant

and H. Craig Taylor).   The named witnesses are Jeremiah Erick, H. Craig Taylor, and either Investigator Glenn Kemp, Adams County Sheriff's office, or Special Agent Frank Hunter, Immigration and Customs Enforcement.

The defendant has not asked for an opportunity to present oral testimony.

The defendant's third objection to paragraph 41 is that he is entitled to the application of Guideline 5C1.2 <u>Limitation of Statutory Minimum Sentences in Certain Cases</u>--that is, he argues, he is entitled to a safety valve under 5C1.2(a)(2). The applicability of that safety valve depends upon whether he possessed a firearm or other dangerous weapon in connection with the offense and whether he has truthfully provided the government all information and evidence he has concerning the offense or offenses that were a part of the same course of conduct or of a common scheme or plan.  That, too, will require presentation of evidence. The government has indicated an intent to offer oral testimony of either Investigator Glenn Kemp or Special Agent Frank Hunter, as well as reports of the defendant's proffer interviews.   The defendant has not requested opportunity to offer oral testimony.

The Order on Sentencing Schedule, issued by me on March 14, 2006, sets out the detail of what must be done by counsel if evidence is to be offered in support of or in opposition to motions or objections.  The deadline for that was May 15, 2006.   It appears, then, that the defendant expects to rely only on the portions of the Revised Presentence Investigation Report not objected to.   In the event defendant's counsel has not understood the Order on Sentencing Schedule, I shall now direct that there will be no evidence by oral testimony or by any document submitted to the court and opposing counsel by the defense unless it is identified on or before May 26, 2006.

As to paragraph 68, the defendant does not "necessarily object" but wishes to add a description of his actual usage. That will be done only if the evidence presented at the evidentiary hearing can support it.

The objection to paragraph 86 will be resolved as discussed in the second full paragraph on page two of these tentative findings regarding the defendant's third objection to paragraph 41.

The objection to certain material under Part C will require evidence at the evidentiary hearing.

I now find tentatively that all portions of the Revised Presentence Investigation Report not objected to are accurate and true. Objections to portions not now objected to may be objected to at the time of sentencing, but no evidence shall be heard in support of such objection or objections.

IT IS ORDERED that:

1. an evidentiary hearing shall be held at the time of sentencing on objections made by the defendant discussed herein;

2. the objection to paragraph 41 to the inclusion of the issue of an enhancement pursuant to Guideline 2D1.1(b)(1) is overruled.

Dated May 23, 2006.

                              BY THE COURT

                              s/ Warren K. Urbom
                              United States Senior District Judge